IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| NOLAN DIFRANCO, et al., | Case No. 1:24-cv-498 |
| Plaintiffs, | Judge Matthew W. McFarland |
| v. | |
| JEFF COUCH'S RV NATION, et al., | |
| Defendants. | |

## ORDER AND OPINION

This matter is before the Court on Defendant Heartland Recreational Vehicles, LLC's Motion to Dismiss or, in the alternative, Motion to Transfer Venue (Doc. 4) and Plaintiffs' Alternative Motion for Partial Voluntary Dismissal and Remand to State Court (Doc. 8). Defendant's Motion has been fully briefed. (*See* Docs. 4, 7, 10.) No Defendant filed a response in opposition to Plaintiffs' Alternative Motion for Partial Voluntary Dismissal and Remand to State Court. Thus, these matters are ripe for the Court's review. For the reasons below, Defendant Heartland Recreational Vehicles LLC's Motion to Dismiss (Doc. 4) is **DENIED**; Plaintiffs' Alternative Motion for Partial Dismissal (Doc. 8) is **GRANTED**; Defendant Heartland Recreational Vehicles LLC's Motion to Transfer (Doc. 4) is **DENIED AS MOOT**; and Plaintiffs' Alternative Motion to Remand to State Court (Doc. 8) is **GRANTED**.

## ALLEGED FACTS

On February 14, 2024, Plaintiffs Nolan and Alischa DiFranco negotiated the purchase of a 2024 Milestone 370FLMB ("RV") from Defendant Jeff Couch's RV Nation. (Am. Compl., Doc. 1, ¶¶ 1, 8.) The RV was distributed by Defendant Heartland Recreational Vehicles, LCC ("Heartland"). Defendants Clayton Baker and Kyle Taylor represented to Plaintiffs that the RV was: the same RV as the one depicted in photographs online; unused; in stock; available for immediate delivery; fully inspected and prepared; and under warranties provided by Defendants RV Nation and Heartland. (*Id.* at ¶¶ 8, 10.) Notably, Defendant Heartland's warranty included a forum selection clause. (Warranty, Doc. 3, Pg. ID 82.) The forum selection clause provided that if a dispute concerning the warranty is not submitted to arbitration, it "must be filed in the courts within the state of manufacture." (*Id.*) Here, the RV was manufactured in Indiana. (*See id.*)

Relying on Defendant Baker and Taylor's representations, Plaintiffs paid Defendants $7,600 in deposits and signed a contract for the purchase of the RV. (Am. Compl., Doc. 3, ¶¶ 10, 12.) Upon delivery, Plaintiffs noticed that the RV had water damage, missing equipment and pieces, inoperable functions, and contained sawdust and numerous bugs. (*Id.* at ¶ 13.) Plaintiffs immediately notified Defendants, but Defendants ignored Plaintiffs' complaints. (*Id.* at ¶¶ 14, 15.) Plaintiffs then attempted to rescind their purchase, but Defendants denied. (*Id.* at ¶ 17.)

## PROCEDURAL HISTORY

Plaintiffs filed their Amended Complaint on August 8, 2024, in the Court of Common Pleas of Butler County, Ohio, bringing claims for violation of Ohio's Consumer Sales Practices Act, Ohio's Lemon Law, the Magnuson Moss Act, breach of contract, and breach of warranty. (*See* Notice of Removal, Doc. 1-1, Pg. ID 8; Am. Compl., Doc. 3.) On September 12, 2024, Defendant Heartland removed the action to this Court. (*Id.* at Pg. ID 1.) On September 17, 2024, Defendant Heartland moved to dismiss or, in the alternative, transfer for improper venue. (Defendant's Motion, Doc. 4.) Plaintiff then moved for partial voluntary dismissal and remand to state court as an alternative to the Court transferring the case. (Plaintiffs' Motion, Doc. 8.)

## LAW & ANALYSIS

Defendant Heartland seeks to dismiss or transfer this case because of a forum selection clause included in the RV's warranty. (*See* Defendant's Motion, Doc. 4.) The Court will first analyze whether Plaintiffs' claims against Defendant Heartland are subject to dismissal for improper venue, then turn to whether transfer is appropriate.

### I. Defendant Heartland's Motion to Dismiss for Improper Venue

The Federal Rules of Civil Procedure allow, upon motion, the dismissal of a complaint for improper venue. Fed. R. Civ. P. 12(b)(3). Venue is proper when a civil action is filed within "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this

3

section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, Defendant Heartland moves for dismissal based on the enforcement of the warranty's forum selection clause. (Defendant's Motion, Doc. 4, Pg. ID 84.) As an initial matter, a forum selection clause does not render venue improper as a matter of law. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 57 (2013); *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002); *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 829 (6th Cir. 2009) ("[A] forum selection clause should not be enforced through dismissal for improper venue under FRCP 12(b)(3) because these clauses do not deprive the court of proper venue."). "Although a forum-selection clause may determine where a case is ultimately litigated, it has no effect on where it may be initiated." *Griffin v. Baker & Taylor, Inc.*, No. 5:12-CV-103, 2013 U.S. Dist. LEXIS 21852, at *8 (W.D. Ky. Feb. 15, 2013). Thus, Defendant Heartland's Motion to Dismiss is denied.

## II. Defendant Heartland's Motion to Transfer

Defendant Heartland alternatively moves for transfer to the Northern District of Indiana, South Bend Division, based on the forum selection clause. (Defendant's Motion, Doc. 4, Pg. ID 83.) Importantly, 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." This provision "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine Constr. Co.*, 571 U.S. at 59.

4

As an initial matter, "the threshold consideration under § 1404(a) is whether the action 'might have been brought' in the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 489 (S.D. Ohio 2004). An action could have been brought in the transferee court when: (1) "the court has jurisdiction over the subject matter of the action"; (2) "[v]enue is proper there"; and (3) "the defendant is amenable to process issuing out of the transferee court." *Id.* As Defendant Heartland seeks to transfer the action to the Northern District of Indiana, it provides no argument against the three factors. (*See* Defendant's Motion, Doc. 4.) Additionally, Plaintiffs admit that they could have filed their claims in Indiana. (Plaintiffs' Response, Doc. 7, Pg. ID 151.) Plaintiffs, however, argue that since the other Defendants lack sufficient contacts in Indiana, but all Defendants have sufficient contacts in the Southern District of Ohio, that this is the only appropriate forum. (*Id.*) The Court finds Plaintiffs' argument unpersuasive. Plaintiffs ignore the fact that they could have filed an action against Defendant Heartland in an Indiana court, and then another action against the remaining Defendants in the Southern District of Ohio. Thus, by Plaintiffs' own admission, the Court finds that this action against Defendant Heartland may have been brought in the Northern District of Indiana.

Having determined that the action could be brought in Indiana, the Court proceeds to the next steps in the transfer analysis. Typically, "a district court considering a §1404(a) motion (or a *forum non-conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co.*, 571 U.S. at 62. The court would then weigh the convenience of the parties and the public interest to determine whether a transfer would promote the interests of justice. *Id.* (quoting 28

5

U.S.C. § 1404(a)). This analysis changes, though, when an agreement has a valid forum selection clause, as these clauses "should be given controlling weight in all but the most exceptional cases." *Id.* (cleaned up). In this context, the plaintiff's choice of forum and private interests are given no weight, and the court instead must only consider arguments about public-interest factors. *Id.* at 63-64.

Under these considerations, the Sixth Circuit employs a two-step inquiry. *Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 216 (6th Cir. 2021). First, the district court asks, "whether the forum-selection clause is applicable, mandatory, valid, and enforceable." *Id.* If the answer is "yes" to all of those questions, *Atlantic Marine*'s alternate analysis applies and "the plaintiff bears the burden of showing that the public factors weigh heavily against dismissal." *Id.* If the answer to any of the questions is no, however, the traditional forum-non-convenions analysis applies. *Id.*

Looking to the first step, Plaintiffs only argue that the forum selection clause is unconscionable and therefore unenforceable. (Plaintiffs' Response, Doc. 7, Pg. ID 153-156.) Plaintiffs specifically contend that requiring them to sue "in a distant forum" is unconscionable. (*Id.* at 154.) To succeed on this basis, Plaintiffs must show that enforcing the forum selection clause "would be so inconvenient such that its enforcement would be unjust or unreasonable." *Wong*, 589 F.3d at 829. Plaintiffs instead only provide conclusory arguments that do not rise beyond alleging "mere inconvenience." *Id.* Cutting even further against Plaintiffs' argument, Plaintiffs, who reside in California, do not explain how the Northern District of Indiana is any more of a "distant forum" for them than the Southern District of Ohio. Thus, Plaintiffs' argument that they are being haled to a

6

"distant forum" fails.

Plaintiffs also argue that the forum selection clause is unenforceable because it was "boilerplate" language provided after the RV's sale rather than a bargained-for provision. (Plaintiffs' Response, Doc. 7, Pg. ID 155.) But, a "forum selection clause is not unreasonable simply because it appears in a non-negotiated consumer contract." *Wong*, 589 F.3d at 829. Moreover, courts in this circuit have routinely denied similar arguments. *See, e.g., Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 815 (W.D. Mich 2002) (finding that a challenge to a forum selection clause based on it being contained in boiler plate language was "totally without merit"). Considering Plaintiffs' arguments, they have failed to carry the "heavy burden of showing that enforcing this forum selection clause would be unjust or unreasonable." *Wong*, 589 F.3d at 830.

Moving to the second step of the analysis, Plaintiffs now bear the burden of "showing that the public factors weigh heavily against dismissal." *Lakeside Surfaces, Inc.*, 16 F.4th at 216. But, "[b]ecause public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine Constr. Co.*, 571 U.S. at 51. Plaintiffs again only argue that litigating in Indiana would be inconvenient. (Plaintiffs' Response, Doc. 7, Pg. ID 157.) Plaintiffs' convenience in pursuing their case, however, is a private interest. At this stage in its analysis, the Court may only consider public interests. *Atl. Marine Constr. Co.*, 571 U.S. at 51. Without providing any other arguments, Plaintiffs have failed to meet their burden. Accordingly, transfer is proper under the forum selection clause. But, since Plaintiffs' voluntary dismissal could moot Defendant Heartland's Motion to Transfer, the Court

defers ruling on Defendant's Motion until it analyzes Plaintiffs' voluntary dismissal. *See Awald v. Halo Tech. Holdings, Inc.*, No. 1:07-CV-898, 2008 U.S. Dist. LEXIS 130089, at *2 (N.D. Ga. Aug. 27, 2008) (granting the plaintiff's motion for voluntary dismissal after the defendant filed a motion to transfer).

### III. Plaintiffs' Alternative Motion for Voluntary Dismissal

Plaintiffs have also filed Alternative Motions for Partial Voluntary Dismissal and to Remand to State Court. (Doc. 8). In Plaintiffs' Alternative Motion for Partial Voluntary Dismissal, Plaintiffs request that if the Court grants Defendant Heartland's Motion to Transfer Venue, that it dismiss all claims against Defendant Heartland, in addition to Count VI and VII of the Amended Complaint pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Plaintiffs' Motion, Doc. 8, Pg. ID 169.) Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." This rule, however, "permits [P]laintiffs to dismiss only the entire controversy, not a portion of the claims." *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018). Thus, as Plaintiffs seek to only dismiss their claims against Defendant Heartland, the Court will interpret their motion under Rule 21. *See id.* at 463. Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Regardless, courts employ the same analysis for both a Rule 21 and Rule 41(a) motion. *McDowell v. Bd. of Trs. for Perry Twp.*, No. 2:23-CV-2860, 2025 U.S. Dist. LEXIS 43816 at * 13 (S.D. Ohio Mar. 11, 2025). A court looks to whether the defendant will suffer plain legal prejudice by considering "such factors as the defendant's effort and expense of preparation for trial, excessive

delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)

Here, the Court finds that Defendant Heartland would not face any prejudice upon Plaintiffs' voluntary dismissal. Notably, Defendant Heartland has already moved for dismissal without prejudice on its own. (*See* Defendant's Motion, Doc. 4.) Furthermore, this litigation is still in its early stages and Defendant Heartland has not moved for summary judgment. Last, Defendant Heartland did not file a response in opposition to Plaintiffs' Motion, further suggesting that it is amenable to Plaintiffs' voluntary dismissal. Under these considerations, the Court grants Plaintiffs' voluntary dismissal.

### IV. Plaintiffs' Alternative Motion for Remand to State Court

Plaintiffs' motion next requests that if the Court grants their Motion to Dismiss, that it also remands the case to the Common Pleas Court of Butler County, Ohio. (Plaintiffs' Motion, Doc. 8, Pg. ID 171.) On a motion to remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Courts construe the removal statute strictly in favor of state court jurisdiction and resolve all doubts for remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Defendant Heartland removed this action under federal question jurisdiction. (Notice of Removal, Doc. 1, Pg. ID 2.) That said, as explained above, the Court has dismissed Defendant Heartland, along with Count VI, the only claim providing federal question jurisdiction. While the Court could still exercise supplemental jurisdiction over the remaining state-law claims, courts around the Sixth Circuit often decline to do so in such circumstances. *See, e.g., Gamel v. City of Cincinnati*, 625 F.3d 949, 952-53 (6th Cir. 2010); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). In light of these considerations, and because no remaining Defendant has filed a response in opposition, the Court finds remand proper.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. Defendant Heartland's Motion to Dismiss (Doc. 4) is **DENIED**;
2. Plaintiffs' Alternative Motion for Voluntary Partial Dismissal (Doc. 8) is **GRANTED**;
   a. All claims against Defendant Heartland are **DISMISSED** without prejudice;
   b. Count VI of the Amended Complaint (Doc. 3) is **DISMISSED** without prejudice;
   c. Count VII of the Amended Complaint (Doc. 3) is **DISMISSED** without prejudice;
3. Defendant Heartland's Motion to Transfer (Doc. 4) is **DENIED AS MOOT**;
4. Plaintiffs' Alternative Motion to Remand to State Court (Doc. 8) is **GRANTED**.

The entire matter is **REMANDED** to the Court of Common Pleas of Butler County, Ohio;

5. The case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

11